## HARTFORD FIRE INS. CO. v. PIRES.

(Court of Civil Appeals of Texas. Dallas. April 4, 1914.)

1. Costs (§ 231*)—On Appeal—Recovery of More Favorable Judgment.

While Rev. St. 1911, art. 2046, provides that if the losing party appeals, and the judgment in the court above be against him, but for a less amount, such party shall recover his costs in the court above, yet, as article 2048 declares that the court may, for good cause, to be stated on the record, adjudge the costs otherwise, the county court could, on appeal from the justice court, adjudge all the costs to appellee, though the judgment rendered was less than that of the justice court, where the difference in amount was due to a miscalculation of interest by the justice, and the error was not called to his attention.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 847, 852, 853, 855, 872–875; Dec. Dig. § 231.*]

2. Insurance (§ 507*)—Policy — Construction — Property Covered by Insurance against Fire.

An insurance policy, indemnifying against loss of rents caused by fire or lightning, actually sustained on rented premises, for such period as may be reasonably necessary to restore the premises to the same tenantable condition as before the fire, covers the period needed to place the contract for repairs, and was not limited to the time actually spent in the making of the repairs.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1283; Dec. Dig. § 507.*]

3. Insurance (§ 669*)—Action on Policy—Instructions.

In an action upon an insurance policy, indemnifying against the loss of rents on premises for such period as was reasonably necessary to restore the premises to the same tenantable condition as before the fire, the evidence being undisputed that from the date of the fire to the restoration of the building the rents were $175, the insurance company contesting alone the amount of recovery, the court properly charged that, if the time actually spent was no more than was reasonably necessary, they should find for the insured for the sum of $175.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1771–1784; Dec. Dig. § 669.*]

4. Insurance (§ 665*)—Action upon Policy—Sufficiency of Evidence.

In an action upon an insurance policy indemnifying insured against the loss of rents on property for the period reasonably necessary to restore the property to the same tenantable condition as before the fire, evidence *held* to sustain a finding that the time consumed was reasonably necessary to restore the building.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

Error to Dallas County Court; W. F. Whitehurst, Judge.

Action by L. A. Pires against the Hartford Fire Insurance Company. From a judgment for plaintiff, defendant brings error. Affirmed.

Wm. Thompson and Will. C. Thompson, both of Dallas, for plaintiff in error. Cockrell, Gray & McBride, of Dallas, for defendant in error.

TALBOT, J. L. A. Pires, defendant in error, brought this suit in the justice court of Dallas county, Tex., against the Hartford Fire Insurance Company, plaintiff in error, to recover the sum of $175, with interest, claimed to be due on an insurance policy issued by the said insurance company, whereby said company insured the said Pires against loss by fire of the rents of his building situated in the city of Abilene, Tex. Judgment having been rendered in favor of the plaintiff, Pires, in the justice court, the insurance company appealed to the county court at law, and, judgment being again rendered for Pires in that court, the insurance company sued out a writ of error to this court.

[1] It is first assigned that the county court erred in refusing, upon motion of the insurance company, made at the conclusion of the evidence, to tax the costs of that court against the plaintiff, Pires. The contention is based upon the fact, as we understand it, that the judgment as entered in the justice court was for about $6 more than the plaintiff, Pires, recovered in the county court. We think the action of the county court should not be disturbed. The record discloses that the trial judge, upon a hearing, concluded that the judgment actually rendered in the justice court was for the principal and interest sued for by the plaintiff, Pires, and that through inadvertence the judgment was written to bear interest from April 20, 1912, instead of November 20, 1912, and that as no motion for a new trial was filed by the defendant insurance company in the justice court, nor attention otherwise called to the error until upon trial of the case in the county court, all costs should be taxed against the insurance company. While article 2046 of the Revised Statutes of 1911 provides that in cases of appeal taken by the party against whom the judgment was rendered in the court below, if the judgment of the court above be against him, but for a less amount, such party shall recover the costs of the court above, but shall be adjudged to pay the costs of the court below, etc., yet article 2048 of said statute declares: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter." The judgment of the county court recites that, "it appearing to the court upon hearing that good cause exists for taxing all costs, both in the county court and justice court against the defendant," it is ordered that all costs be charged against the defendant, and under the last article of the statute above quoted the county court had authority to so charge the costs in this case. Railway Co. v. Wheeler, 99 Tex. 428, 90 S. W. 481; Railway Co. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 655.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[2] The other assignments of error complain of the court's charge to the jury, of the refusal to give certain special charges requested by the insurance company, and that the verdict and judgment are contrary to the law and the evidence. We are of opinion that neither of these assignments is well taken. The policy of insurance provided: "The intent of this insurance is to make good the loss of rents caused by fire or lightning actually sustained by the insured on occupied or rented portions of the premises which have become untenantable for and during such period as may be necessary to restore the premises to the same tenantable condition as before the fire"—and the sole or controlling question in the case was whether the plaintiff, Pires, had consumed more time than was reasonably necessary in repairing and putting his building back into tenantable condition. The time so consumed was about two months and a half, and the contention of the insurance company was and is that "the undisputed evidence showed that a period of approximately 36 days was the time necessary to restore the building to its former condition." The court's charge correctly instructed the jury as to the measure of the plaintiff's damages, and fairly submitted the controverted issue in the case for their determination. The special charge asked by the insurance company, to the effect that the plaintiff could not recover for the time lost in the placing of the contract for repairs of the building described in the policy of insurance sued upon, was properly refused. The evidence shows that a few days' time was reasonably necessary for the plaintiff, Pires, to ascertain the extent of the damage to his building, and to procure bids from persons who would repair it. For rents lost during such necessary time he was entitled to recover under the policy sued on, a right which would have been denied him had the special charge in question been given. The effect of this charge was to tell the jury that, under the terms of the policy issued to the plaintiff, Pires, to indemnify him against the loss of rents for the time reasonably necessary to restore his building to the same tenantable condition as before the fire, he could only recover for the time that would actually be necessary to put the lumber and other material into place. This is not a fair and reasonable construction of the insurance contract. It was evidently in contemplation of the parties to the contract when it was made, that in the event the building was destroyed or materially damaged by fire, some period of time would necessarily have been consumed in ascertaining the extent of the damage to the building, the work and material necessary to repair it, and the prices to be charged therefor, etc., and the contract should be construed as covering such time.

[3] Nor did the court err in that portion of the general charge complained of in the third assignment of error. As said by counsel for the defendant in error, the evidence being undisputed that, for the actual time between the date of the fire and the date the building was finished, the rents would be $175, and the insurance company contesting alone the amount of recovery, it was proper for the court to tell the jury, as in effect he did, that if the actual time consumed in repairing the building was no more time than was necessary to restore it to its former tenantable condition, they should find for plaintiff, Pires, the sum of $175.

[4] The contention that the verdict and judgment is contrary to the law and the evidence is not well founded. The evidence, which we shall not undertake to detail, is sufficient to support the verdict and judgment. It is, in substance, that the fire occurred on December 6, 1911; that shortly thereafter the plaintiff, Pires, who lived in the city of Dallas, Tex., sent a representative to Abilene, where the building burned was situated, who made a contract with a carpenter and builder to repair the building; that an investigation disclosed that extra long joists would be necessary in repairing the building, which could not be obtained in Abilene; that an order was promptly made for such joists, but that they did not arrive in Abilene until some time in January, according to one witness, January 23, 1912; that these joists had to be shipped from some mill in East Texas, and that a reasonable time in which to get them to Abilene was from four to six weeks; that before their arrival the débris was cleaned away, and everything in readiness to proceed with the restoration of the building when the joists did arrive; that the work did then proceed, and the building was finally completed on February 13, 1912. It appears that no effort was made to remove the débris until in the early part of January, 1912, but no time was lost on this account, since the joists which could not be had in Abilene, and without which the work of repairing the building could not proceed, were not on hand until after the débris was cleared away. Mr. Bishop, the contractor, testified, without contradiction, that there was no delay except in getting the joists; and, while the witness Curtis stated that, provided the material was on hand, and excepting freezing weather, a few days of which they had during the time the repairs were being made, 30 days was a reasonable time in which to complete the repairs on the building, yet he further stated that the building could not have been completed without the material (the joists) which had been ordered, and that if the material arrived on January 20, 1912, the finishing of the building by February 13, 1912, "was very quick work."

The case is distinguishable in its facts from the cases cited by the insurance company, and not ruled thereby. Believing that

the evidence supports the verdict and judgment; that the court's charge was sufficient to safeguard the rights of the insurance company—the judgment is affirmed.