Best Building Company, Inc., Appellant, *v.* Employers' Liability Assurance Corporation, Ltd., et al., Respondents.

**Insurance (liability) — contract — negligence — contract measures liability of insurer in absence of fraud or bad faith — insurer may not be held liable for negligence in failing to settle case where policy gave it the option to settle or defend.**

The contract of the parties to a policy of liability insurance must measure the liability in the absence of fraud or bad faith, and where there was nothing in the policy whereby the insurance company obligated itself to settle if an opportunity presented itself, but it was given the option to settle or to try the action as it preferred, the company may not be held liable for alleged negligence in failing to settle a case where there was a possibility of so doing and where as a consequence a verdict has resulted against the insured for more than the amount of the policy.

*Best Building Co.* v. *Employers' Liability Assur. Corp.*, 220 App. Div. 816, affirmed.

(Argued February 24, 1928; decided March 27, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1927, unanimously affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term which granted a motion to set aside a verdict in favor of plaintiff and for a dismissal of the complaint.

*William Otis Badger, Jr.,* and *Paul D. Compton* for appellant. Though under the policy provisions the insurance company had an option to settle or defend the tort action, it was bound to exercise the option with due care, and having acted negligently in electing to try the action rather than settle it, the insured can now recover the amount lost by it through the company's negligent conduct. (*Douglas* v. *U. S. Fid. & Guaranty Co.,* 127 Atl. Rep. 708; *McAleenan* v. *Mass. B. & I. Co.,* 219 N. Y. 563; *Levin* v. *New England Casualty Co.,* 233 N. Y. 631; *Auerbach* v. *Maryland Casualty Co.,* 236 N. Y. 247; *Brunswick Realty Co.* v. *Frankfort Ins. Co.,* 99 Misc. Rep. 639; *Brown & McCabe* v. *London Co.,* 232 Fed. Rep. 298; *Brassil* v. *Maryland Casualty Co.,* 210 N. Y. 235.)

*Walter L. Glenney* for respondent. The defendant insurance company failed in no duty which it owed the plaintiff. (*Auerbach* v. *Maryland Casualty Co.,* 236 N. Y. 247; *Streat Coal Co., Inc.,* v. *Frankfort Gen. Ins. Co.,* 237 N. Y. 60; *Levin* v. *New England Casualty Co.,* 101 Misc. Rep. 402; 233 N. Y. 631.)

CRANE, J. The defendant insured the plaintiff against loss arising from the liability imposed by law for damages on account of bodily injuries accidentally suffered by an employee. An accident happened which resulted in a judgment against the plaintiff for $16,000. The defendant, according to the terms of its policy, undertook the defense for the plaintiff, and has paid, or is willing to pay,

the sum of $10,000, the extent of its policy liability. The plaintiff has sued the defendant for its negligence in failing to settle the claim and asks to recover the excess of the judgment over the face of the policy, that is, the $6,000 less the $2,000 which the plaintiff alleges it was at all times willing to contribute. The facts regarding the proposed settlement are these:

During the course of negotiations the accident case could have been settled with the injured employee for $8,500. The defendant, insurance company, offered $6,500. The plaintiff was given no notice of either offer. It alleges that if notice had been given to it, the difference of $2,000 between the two offers would have been readily paid by it, and the injury case settled. As the insurance company did not increase its offer, or meet the injured employee's demand, the case was not settled, and the plaintiff claims and alleges that the failure to settle was due to the defendant's negligence in handling the case, and particularly in its failure to notify the plaintiff of the offers which had been made by both sides. The question is directly raised whether under the terms of these accident policies as they now read the insurance company is liable for negligence in failing to settle a case when there was a possibility of so doing. That the insurance company in the handling of the litigation or in failing to settle is liable for its fraud or bad faith is conceded and has been repeatedly stated in all the cases bearing on the subject. So also it has been held by this court that the company is not liable on its contract for a failure to settle; a contract imposes upon it no such duty. (*Auerbach* v. *Maryland Casualty Co.,* 236 N. Y. 247; *Streat Coal Co., Inc.,* v. *Frankfort General Insurance Co.,* 237 N. Y. 60.) In the latter case this court said: " Defendant, however, was privileged at its own cost to settle any claim or suit. It was not obligated so to do, neither was it required to consult plaintiff in regard thereto. * * * In the absence of fraud, negligence

454 Best Building Co. *v.* Employers' L. Assur. Corp.

[247 N. Y. 451]        Opinion, per Crane, J.        [Mar.,

or bad faith, alleged and established it is not the duty of the court to read into contracts conditions or limitations which the parties have not assumed. Negligent acts on the part of defendant to the injury of plaintiff are not charged in the complaint."

In the *Auerbach* case this court said: " There are no allegations in the complaint to the effect that the insurance company was negligent either in investigating the facts connected with the accident, or in the defense of the action, not a suggestion that it was guilty of fraud or misrepresentation in any way."

Thus, these two cases seem to have reserved this question of negligence in failing to settle the claim.

On the other hand, the Supreme Court of New Hampshire, in *Douglas* v. *United States Fidelity & Guaranty Co.* (81 N. H. 371), has held that a recovery may be had for a negligent failure to settle where the facts were similar to those in this case. That court said:

" The cases relied upon do not consider the question involved here. They were all actions upon the contract, and were brought upon the theory that the duty to settle was absolute. The question of care or negligence in exercising the right to elect is not considered in any of them. But they do state, in the course of the discussion, that the insurer has an option to settle or not as it chooses. The fact that the right of election is vested solely in the insurer, does not dispose of the present case. Exclusive authority to act does not necessarily mean the right to act arbitrarily. Our law upon the subject is based upon the broad proposition that in all its dealings with the defense to Elliott's claim the defendant was bound to act as a reasonable man might act under the same circumstances. * * *

" The fundamental question is, does or does not the insurer owe to the insured a duty in the matter of a settlement? If it does not owe such a duty, it is not liable either for a failure to act or for the manner of action.

It may refrain from completing a settlement for any reason, however essentially dishonest, and still there would be no liability. If, as the cases roundly state, it has an exclusive and absolute option, no one can question its motives for the exercise or non-exercise of the privilege. No case has gone that far. All acknowledge a liability for fraudulent conduct, or lack of good faith, in refusing to settle. But they are silent as to any reasoning which would sustain such liability and at the same time deny responsibility for negligent conduct."

While there is much force in the reasoning of this opinion, yet I am inclined to the belief that the contract of the parties must measure the liability in the absence of fraud or bad faith. There are circumstances when implied obligations may be reasonably inferred from the language used (*Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235), but there is no implied obligation in the insurance policy in this case that the company must or will settle according to the offer made. In the *Auerbach* case we said: " There is nothing in the policy by which the insurance company obligated itself to settle, if an opportunity presented itself. It was given the option to settle, if it saw fit to do so, or to try the action, as it preferred. It, however, was under no legal obligation, either express or implied, to compromise or settle the claims prior to the trial. * * * The insurance company, in refusing to settle the actions, did what it had the legal right to do under the terms of the policy."

We may ask what would constitute negligence in the failure to settle a case, as distinguished from bad faith. Even when there was little likelihood of recovery, many reasonable persons would think it wise to settle rather than to take any chance with a jury. In most of the accident cases, disputed questions of fact arise. Is the insurance company to determine at its peril whether reasonable-minded men would believe the plaintiff's witnesses in preference to its own? Again, even on

conceded facts, as frequently happens, a serious question of law arises as to the nature or extent of liability, if any. Is a jury to say that the insurance company was guilty of negligence in choosing to try out such a question in the courts rather than to settle? These questions suggest the wisdom of adhering to the contract of insurance which the parties have made. If the insurance company is to be obligated to make a settlement under any given circumstances, it must be a matter to be dealt with between the insured and the insurer, or else regulated by the Legislature.

Although this court wrote no opinion in the case of *Schencke Piano Company* v. *Philadelphia Casualty Company* (216 N. Y. 662), it apparently decided that there was no liability for negligence in failing to settle a claim under an accident policy. In that case a judgment in the accident case was recovered for $10,143.93. The case could have been settled for $2,500. The company refused to settle because the insured would not pay part of the amount. Thereafter, the insured sued the company for the amount which it was obliged to pay over $5,000, the face of the policy. The complaint alleged negligence in these words: " That the defendant herein refused and neglected to settle said action, and for its own benefit and against the wishes of the plaintiff herein arbitrarily and unreasonably refused to settle said claim and suit within the policy limit stated in said policy."

Our note in the memorandum recital of our decision calls attention to this complaint as alleging negligence and lack of due diligence. As a verdict was directed against the plaintiffs' contention of negligence, this court must have decided the point.

For the reasons here stated, the judgment appealed from should be affirmed, with costs.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.