MARY SAPERSTON, Plaintiff, *v.* AMERICAN AND FOREIGN INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Niagara County, February 19, 1932.

*Godfrey M. Frohe,* for the plaintiff.

*Locke, Babcock, Hollister & Brown* [*Hugh McM. Russ* of counsel], for the defendant.

HARRIS, J. This action came to trial before the court and a jury at a term of this court held in the county of Niagara in January, 1932.

The pertinent parts of the policy of insurance so far as this suit is concerned are as follows: " It is hereby provided that if said premises or any part thereof, occupied or rented at the time, shall be rendered untenantable by fire or lightning occurring during the continuance of this policy, this company shall thereupon become liable for the rental value of such untenantable portions.

" Loss to be computed from the date of the fire or damage by lightning, until such time as the occupied or rented portions of the building, could, with reasonable diligence and dispatch, be rendered again tenantable, although the period may extend beyond the termination of the policy."

On the trial there was raised no question of the liability of the defendant herein and thus the only question involved was the amount of the recovery to which the plaintiff is entitled. The coverage of the policy was for not more than $3,000. Following the taking of proof, there were submitted to the jury certain questions of fact to which questions specific answers by the jury were required. Briefly, the answers of the jury determined the rental value of the premises in question to be $160 per month and that the building could, with reasonable diligence and dispatch, be rendered again tenantable in twelve weeks and that for nineteen weeks the defendant, by its own acts and conduct, against the will and without the consent of the plaintiff, delayed the plaintiff in the work of rendering the building again tenantable. The conclusion of the jury that the acts and conduct of the defendant delayed the plaintiff in such work was based upon the following circumstances: In addition to being the insurer on the rent policy in suit, the defendant also insured the plaintiff against fire loss on the building covered by the rent policy; following the fire which gave rise to this action, the defendant refused to enter into an appraisal of the fire loss of the building and notified the plaintiff that it, the defendant, pending the disposition of the question of the loss on the building, required the plaintiff to leave the premises in its damaged state and not to repair or change the same. The building loss was not settled amicably and suit was brought for the same by the insured and such suit was disposed of by a jury verdict.

Following the return of the jury to court, with its answers as above stated, it was stipulated by counsel that further trial of the action by jury would be waived and that the answers of the jury to the questions of fact should be the basis of a decision by the court without a jury on the merits of the action. The particular question to be decided by the court and which will control the decision and judgment to be rendered in this action is: " Is the defendant, on the evidence in the case and under the law, liable to

the plaintiff for her loss of rental value during the nineteen weeks that the plaintiff was delayed in reconstructing the building, by the acts or conduct of the defendant? "

There are a limited number of cases in the books on this type of insurance policy and, so far as this court has been able to ascertain, there are none in point. It has been held in a suit under a similar policy that a delay not unavoidably occurring in the course of repair, or one not caused by the insurer, is not a part of the time for which the insured is entitled to indemnity from the insurer. (*Palatine Ins. Co.* v. *O'Brien,* 107 Md. 341; 109 id. 100; *Hartford Fire Ins. Co.* v. *Pires,* [Tex.] 165 S. W. 565.) But here we have a situation where the jury has found on evidence which warranted such a finding that a delay was caused by the acts and conduct of the insurer. It is true that such acts and conduct were in the nature of omissions to co-operate and in the nature of threats. If the acts and conduct of the insurer had consisted of physically preventing the insured from entering the premises for the purpose of reconstruction or repair, and had caused a delay in reconstruction and repair, this court would hold that such conduct of the insurer gave rise to a cause of action in favor of the plaintiff against the defendant for the loss caused by such delay and that in this action the defendant would be estopped from contending that during the period of such delay the plaintiff had failed to act with reasonable diligence and dispatch in reconstructing or repairing the damaged premises. There appears to be no reason why a delay caused, not by physical means, but by other means such as persuasion or threat, should not create a similar estoppel which would prevent the insurer from raising the question of the lack of reasonable diligence and dispatch during such delay. The conclusion is thus reached that in creating the delay as found by the jury, the defendant is, in this action, estopped from the claim that the plaintiff did not proceed with reasonable diligence and dispatch and, therefore, the plaintiff is entitled to be reimbursed by the defendant for the rental value, not only for the twelve weeks which would be required for actual reconstruction and repair, but for the nineteen weeks of delay caused by the insurer, a total of thirty-one weeks. Such thirty-one weeks represent seven months and twelve days. At the rate of $160 a month rental value, the total amount for which the plaintiff is entitled to judgment against the defendant is $1,184, plus the costs of this action. Judgment in favor of the plaintiff against the defendant is rendered accordingly.