## NOSHEY et al. v. AMERICAN AUTOMOBILE INS. CO.

### No. 6326.

Circuit Court of Appeals, Sixth Circuit.

Feb. 6, 1934.

Clarence E. Clifton, of Memphis, Tenn. (George Randolph and Wassell Randolph, both of Memphis, Tenn., on the brief), for appellants.

Sam P. Walker, of Memphis, Tenn. (Waring, Walker & Cox, of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Decision necessitates a consideration of principles governing the liability of an insurer obligated to indemnify who undertakes to compromise or defend a claim against the assured, and the application of such principles to facts, which must be accepted as proved.

The appellants were plaintiffs below. They were indemnified against loss which might result from their operation of an automobile truck under a general liability insurance policy issued to them by the appellee in an amount not exceeding $10,000, for injury to any one person. The policy was the usual indemnity contract, the insurer agreeing inter alia to investigate all accidents and to defend all suits thereon in the name and on behalf of the assured; providing that the assured should not voluntarily assume any liability, interfere in negotiations for settlement, or in legal proceedings, or settle any claim without the written consent of the insurer previously given, and reserving to the insurer the right to settle or defend as it may elect any suit brought against the assured.

Demurrers in the court below to the plaintiffs' declaration, and their amended declarations, on the ground that they failed to state a cause of action, were sustained. We are therefore required to consider suf-

ficiently pleaded facts as proved, and to determine whether upon such assumed facts and the inferences they may reasonably support a cause of action has been stated within the applicable rules of law.

During the life of the policy plaintiffs' automobile truck, operated in its business by one of its employees, accidentally ran down from behind a man by the name of Armour Slover, who was at the time lawfully crossing a street in Memphis at an intersection. Slover was fifty years of age, in good health, and regularly employed at a salary of $150 per month. The injuries were serious, the suffering great, and the result a crippling of Slover for life. Notice of the accident was at once given to the defendant, which made its usual investigation and assumed entire and exclusive control of settlement negotiations with Slover.

Defendant's investigation disclosed the seriousness and permanent character of the injuries; that plaintiffs would have to rely for defense to a damage action solely upon the unsupported statement of its truck driver, who was interested in clearing himself of culpability, whereas Slover's case would be based upon the evidence of one or more reputable, disinterested eyewitnesses. Negotiations for settlement were entered into by the defendant, and an offer was made on behalf of Slover to settle the claim for $12,500, to which the defendant countered with an offer of $1,500, which during successive stages in the negotiations was raised to $7,500. On September 28, 1929, Slover sued plaintiffs for $40,000. In May, 1930, Slover offered to settle for $10,000, and the plaintiffs urged prompt acceptance. No reply was made to Slover's offer, or heed given to the plaintiffs' advice. Defendant's attorneys recognized that the suit was a dangerous one, and that settlement should be made, but were unable to secure the consent of defendant's local agent. In July Slover's representative complained to the plaintiffs at the delay, and insisted upon a prompt answer. Meanwhile the damage suit was set for trial in September. This plaintiffs immediately communicated to the defendant, and again urged acceptance. The defendant failed to act until August, when it agreed to settle for $10,000 but was advised that on account of the proximity of the trial the offer had been withdrawn. In September the defendant's agent for the first time conceded the damage suit to be desperate; that in all probability recovery would be had far in excess of $10,-000. He declared the defendant willing to pay the full coverage, but advised plaintiffs that if they owned real estate in their own names to immediately convey such property to their respective wives so as to place it beyond the reach of the anticipated judgment. The advice was spurned. The agent thereupon urged plaintiffs' attorneys to make the best settlement possible to protect their client, and were advised that they would gladly do so, but were precluded under the policy from acting without the written consent of the insurer. Such written consent was promised, but, though repeatedly requested, was never forthcoming. No settlement being effected, the damage suit came to trial, and resulted in a verdict for Slover in the sum of $22,500. Judgment was affirmed by the Court of Appeals of Tennessee (14 Tenn. App. 42) and certiorari denied by the Supreme Court. The defendant paid its policy liability with interest and costs, and the plaintiffs paid the balance of the judgment with interest. It is for this amount they sue.

Their action is planted upon three grounds, to wit: The negligence of defendant in failing to accept the $10,000 offer, bad faith in failing to make a settlement and in failing to give written authority to the plaintiffs to settle, and for breach of an implied contract to settle within the limit of liability.

The law relating to the liability of an insurer for judgments exceeding the amount named in the policy has been carefully reviewed in recent cases, by the Circuit Court of Appeals of the Fifth Circuit (American Mutual Liability Insurance Company v. Cooper, 61 F.(2d) 446, 448), by the Michigan Supreme Court (Wakefield v. Globe Indemnity Co., 246 Mich. 645, 225 N. W. 643), and by the New York Court of Appeals (Best Building Co. v. Employers' Liability Assur. Corp., 247 N. Y. 451, 160 N. E. 911, 912, 71 A. L. R. 1464), and is the subject of exhaustive notes in 43 A. L. R. 326, and 71 A. L. R. 1467. There is no need to multiply citations. It appears to be well settled in cases of limited liability insurance that the insurer may so conduct itself as to be liable for the entire judgment recovered against the insured although the judgment exceeds the amount of liability named in the policy. Some of the cases hold that the insured is entitled to recover upon proof that the insurer in refusing to settle a claim for damages was guilty of negligence. In so far as any standard of due care may be applied to the exercise of an honest judgment in accepting or refusing an offer of compromise, the test is rejected in the

better reasoned cases, and we think rightly so. The practical difficulties in applying such standard are at once suggested by the rhetorical question in the Best Building Company Case, supra, "We may ask what would constitute negligence in the failure to settle a case, as distinguished from bad faith," and by the laconic observation of the Kentucky Court in Georgia Casualty Company v. Mann, 242 Ky. 447, 46 S.W.(2d) 777, 779, "The gift of prophecy has never been bestowed on ordinary mortals." Nor within the policy limits has the insurer any contract obligation to effect settlement, as the policy contains no promise that it will do so under any and all conditions or circumstances, and none is to be implied, and beyond the policy limits the insurer has of course no authority to bind the assured by compromise in any amount whatsoever. The prevailing rule seems to be, however, that the insurer must act in good faith toward the assured in its effort to negotiate a settlement. This the defendant concedes, in complete accord with the holding in the Cooper Case, supra, that: "The insurer cannot escape liability by acting upon what it considers to be for its own interest alone, but it must also appear that it acted in good faith and dealt fairly with the insured. * * * This relationship imposes upon the insurer the duty, not under the terms of the contract strictly speaking, but because of and flowing from it, to act honestly and in good faith toward the insured." Considering that the action below cannot be sustained either upon the theory of negligence or of implied contract, but that it may be supported upon allegations of bad faith exercised in the settlement negotiations by the defendant toward the plaintiffs, we are confronted with the difficulty of analyzing the last amended declaration, a difficulty augmented by the discursive character of the pleading, by the cross references between its several counts, and the cross references between the allegations of the original declaration and its several amendments.

■ Notwithstanding these difficulties, it yet sufficiently appears that from May to August defendant could have settled within the policy liability, but failed to act, though urged to do so by the plaintiff; that in September, prior to the trial of the damage suit, the defendant's adjuster conceded the damage action to be desperate; that a recovery would be had far in excess of the defendant's liability; that while the defendant was willing to pay the full amount of the coverage, the plaintiffs were advised they should immediately put their property beyond the reach of any anticipated judgment; that the defendant was no longer interested in the defense of the law suit, even though recognizing its obligation to continue defense in an effort to hold down the judgment. It also appears that while defendant's agent urged the plaintiffs to make the best settlement they could, and promised to release them in writing from their policy obligation not to settle, and to give them a written acknowledgment of liability to the extent of the policy coverage, neither of such writings was ever given to the plaintiffs, though they made repeated requests therefor, and that they were deliberately withheld, even though the defendant recognized it had no further interest of its own to protect. It also appears that the defendant in endeavoring to make a settlement misrepresented to Slover the amount of the coverage and the financial ability of the plaintiffs to meet a judgment in excess thereof by allegations, the relevancy of which is vigorously challenged, but the importance of which will presently appear.

■ We think the declaration thus reviewed sufficiently alleges facts which, if proved, would reasonably sustain a verdict for the full amount of the judgment in excess of the policy coverage, based upon the bad faith of the defendant in its negotiations for settlement, and in its failure to settle while it had opportunity before suit. It is no answer to the charge of bad faith to say that the law authorizes the plaintiffs to settle their liability beyond the amount of the coverage notwithstanding the policy provision forbidding it, or to say that the defendant having orally authorized plaintiffs to settle the damage case the provision of the policy was waived, and the plaintiffs not having attempted settlement in pursuance of such waiver cannot now complain of the defendant's failure to give written authority for settlement. The plaintiffs were under no obligation to imperil their protection under the policy by a breach of its express provisions, nor even to invite a denial of liability and be put to delay and expense of suit to enforce it. Moreover, if forced to sue on the policy they would still be under the obligation to satisfy a jury that under the circumstances as they appeared at the time of undertaking settlement there was reasonable probability of a recovery against them in the damage suit of a judgment in excess of the policy liability. Finally, if they had acted in reliance upon the oral waiver they would still be under the necessity of proving the waiver in the face of its possible repudiation by the defendant. The plaintiffs had already a suffi-

cient demonstration of the ethical standards of the defendant's agent. He had misrepresented to Slover the amount of the coverage. He had misrepresented the plaintiffs' ability to pay a possible judgment in excess thereof. He had urged them to make themselves execution proof in anticipation of an adverse verdict. They had every reason to exercise the greatest caution in dealing with him. They were fully warned by these circumstances to exercise care not to jeopardize their protection under the policy, and were acting upon advice of counsel. In view of these circumstances, we think it is open to the jury to find upon the facts alleged that the defendant did not act honestly and in good faith toward the plaintiffs, and that the loss incurred resulted from such failure of duty upon its part.

The order sustaining the demurrer is reversed, and the cause remanded for trial. In view of the narrowing of the issues, we think a further motion for leave to amend the declaration may very properly be addressed to the discretion of the trial judge.