### CHRISTIAN v. PREFERRED ACC. INS. CO. et al.

No. 6209.

United States District Court
N. D. California, N. D.
April 4, 1950.

Oliver J. Carter, Daniel S. Carlton and Ira M. Shadwell, Redding, Cal., for plaintiff.

John J. Healy and Leo J. Walcom, San Francisco, Cal., for defendants.

LEMMON, District Judge.

The complaint charges defendants, plaintiff's liability automobile insurance carriers, with failure to settle a lawsuit brought by one who was injured through plaintiff's operation of the insured automobile, in which a judgment was entered in excess of the insurance policy limits.

The complaint sets forth two causes of action. The theory in the first cause is negligence of defendant in failing to settle the case, and in the second that defendants acted in bad faith toward plaintiff in their performance under the insurance contract.

A pre-trial conference was had at which two issues were raised. One, as to whether or not the first cause of action should be stricken because no cause of action was stated by the allegation that defendants were negligent in failing to settle the suit; and two, whether costs for attorneys' fees should be stricken as not being a proper item of damage in the count for breach of contract.

Counsel for plaintiff in their brief have cited Attleboro Manufacturing Co. v. Frankfort Marine Accident & Plate Glass Ins. Co., 1 Cir., 240 F. 573, and similar cases, as authority for their view that the negligence by an insurance company in compromising, or attempting to compromise, a claim against an assured gives rise to a cause of action.

Defendants on the other hand contend that the criteria is whether or not there is a showing of bad faith on the part of the insurance company in the failing to compromise before a cause of action would arise making an insurance company liable for an excess over the policy limit for which the insured is liable to the injured party recovering the judgment. Royal Transit v. Central Surety and Insurance Corporation, 7 Cir., 168 F.2d 345, is an example of the cases relied upon by the defendants to support their contention.

The jurisdictions are not at all uniform and many cases may be found taking one view or the other. See the Annotation in 131 A.L.R. 1500 et seq.

It will be noted that some cases apparently use the two terms indiscriminately and hold that the insurance company must not act either in bad faith or negligently. See State Automobile Ins. Co. v. York, 4 Cir., 104 F.2d 730; Burnham v. Commercial Casualty Ins. Co., 10 Wash.2d 624, 117 P. 2d 644.

Nevertheless the last cited case, 117 P. 2d at page 650, quoting another case, sets forth what seems to be the better rule and the reason for it as follows: "Some of the cases hold that the insured is entitled to recover upon proof that the insurer in refusing to settle a claim for damages was guilty of negligence. In so far as any standard of due care may be applied to the exercise of an honest judgment in accepting or refusing an offer of compromise, the test is rejected in the better reasoned cases, and we think rightly so. The practical difficulties in applying such standard are at once suggested by the rhetorical question in the Best Building Company case, supra [Best Building Co. v. Employers' Liability Assur. Corp., 247 N.Y. 451, 160 N.E. 911, 71 A.L.R. 1464], 'We may ask what would constitute negligence in the failure to settle a case, as distinguished from bad faith,' and by the laconic observation of the Kentucky Court in Georgia Casualty Company v. Mann, 242 Ky. 447, 46 S.W.2d 777, 779, 'The gift of prophecy has never been bestowed on ordinary mortals.' Nor within the policy limits has the insurer any contract obligation to effect settlement, as the policy contains no promise that it will do so under any and all conditions or circumstances, and none is to be implied, and beyond the policy limits the insurer has of course no authority to bind the assured by compromise in any amount whatsoever. The prevailing rule seems to be, however, that the insurer must act in good faith toward the assured in its effort to negotiate a settlement."

The following cases also indicate that the bad faith theory is the proper one. American Fidelity & Casualty Co. v. G. A. Nich-

ols Co., 10 Cir., 173 F.2d 830; Noshey et al. v. American Automobile Ins. Co., 6 Cir., 68 F.2d 808; Traders & General Ins. Co. v. Rudco Oil and Gas Co., 10 Cir., 129 F. 2d 621, 142 A.L.R. 799.

Since diversity of citizenship is the basis of jurisdiction state court decisions are controlling. Counsel have cited no California appellate court decisions upon the subject and my own research has revealed none. My attention, however, has been called to the case of Wong and Marr v. Metropolitan Casualty Insurance Co. of New York decided December 7, 1948 by the Superior Court of the City and County of San Francisco, sitting as a nisi prius court. In a well reasoned opinion the judge followed the bad faith and rejected the negligence rule of liability. Ordinarily under the terms of the policy the insurer is in full charge of the litigation, to the exclusion of the insured in the preparation of the defense, negotiation for settlement and other steps in the lawsuit. Its actions affect not only its own possible liability but also the possible liability of the insured which arises if the recovery exceeds the limits of the insurance contract. This casts upon the insurer the obligation of good faith, the breach of which gives rise to a cause of action in favor of the insured for any damage thereby sustained by him. The writer of the opinion well states the rule, "Since this responsibility of an insurance company is read into the relationship between the insurer and the insured, and justly so, it would appear that the obligation of the insurer should not be extended beyond the duty of exercising good faith in the conduct of the matters arising from that relationship, particularly in the absence of legislation creating a different or higher standard. If the insurer has exercised good faith in all of its dealings under its policy, and if the settlement which it has rejected has been fully and fairly considered and has been based upon an honest belief that the insurer could defeat the action or keep any possible judgment within the limits of the policy, and its judgments are based on a fair review of the evidence after reasonable diligence in ascertaining the facts, and upon sound legal advice, a court should not subject the insurer to further liability if it ultimately turns out that its judgment is a mistaken judgment. Such a responsibility could hardly be claimed to be in contemplation of the insurance relationship."

The Supreme Court of California is the final authority on state law. In the absence of any expression of the rule by that court it is the duty of a federal court to follow the decisions of intermediate state courts unless convinced that the Supreme Court would rule otherwise. 35 C.J.S., Federal Courts, § 174, page 1256. Fidelity Union Trust Co. v. Field, 311 U. S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (from 2 Cir.); Six Companies of California v. Joint Highway Dist. No. 13, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114 (from 9 Cir.); West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956 (from 6 Cir.); Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (from 8 Cir.).[1]

Therefore count one of the complaint is dismissed.

With respect to the prayer for attorneys' fees plaintiff cites Mercer Casualty Co. v. Lewis, 41 Cal.App.2d 918, 108 P.2d 65, as authority for the proposition that attorneys' fees are properly recoverable in an action of this type. This case was one in which an insurance company sought declaratory

1. Since the above was written attention has been called to the recent case in the Ninth Circuit, State of California, Department of Employment v. Fred S. Renauld & Co., 179 F.2d 605, 609, in which it is held that under the conformity doctrine federal courts are bound, "(a) when the supreme judicial tribunal of the state has decided a given question, or (b) a state appellate court which is in the line of the state appellate structure leading up to the supreme tribunal of the state has decided it, or (c) a goodly number of the trial courts of the state generally and for a considerable period of time have adhered to a common interpretation of the point." Since the only decision of a trial court of which I am aware is the one quoted, under the Renauld case, that decision is not controlling. It is, however, highly persuasive.

relief to enable it to cancel a policy of insurance. Apparently the insurance company refused to defend the action on the theory that misrepresentations had been made in obtaining the policy and therefore there was no liability. The court allowed attorneys' fees for the defense of the suit arising out of the injury.

Defendant contends that attorneys' fees are not proper herein because there is no statutory provision for them and cite as their authority Sime v. Hunter, 55 Cal. App. 157, 202 P. 967, wherein the court states that inasmuch as costs were not recoverable at common law there must be statutory authority before such a recovery is proper. See Sec. 1021 of the California Code of Civil Procedure.

The cases allowing recovery of attorneys' fees for failure of the insurance company to defend where the insured was warranted in defending the action, allowance of attorneys' fees is justified as a necessary cost incurred in doing something that the insurance company should have done under the provisions of its contract. The case before me differs from this in that plaintiff was not put to the expense of defending the injury suit inasmuch as here the defendant insurance company provided counsel at all stages of the action.

No statutory authority existing for recovery of attorneys' fees, plaintiff's prayer therefor shall be stricken.