John SAUER, Plaintiff,

v.

LAW, UNION & ROCK INSURANCE COMPANY and New Hampshire Fire Insurance Company, Defendants.

No. A–9236.

District Court, Alaska
Third Division, Anchorage.
June 8, 1954.

Buell A. Nesbett, Stanley J. McCutcheon, Anchorage, Alaska, for plaintiff.

John E. Manders, Anchorage, Alaska, for defendants.

McCARREY, District Judge.

This is a suit for money due under two policies of insurance in which the defendants are the insurers and plaintiff claims to be the insured. Property allegedly belonging to the plaintiff was destroyed by fire on March 17, 1952. (Though the complaint alleges the fire to have occurred on March 25, 1952, the answer and the plaintiff's admissions at pre-trial conference establish it to be on or about the 17th.)

Defendants interposed a motion for summary judgment, based upon plaintiff's alleged failure to comply with the following condition of the policies:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, *and unless commenced within twelve months next after inception of the loss*." (Emphasis supplied.)

The complaint in the action was filed on October 23, 1953, one year, seven months and six days after the fire, a period greater than that limited in the contract of insurance.

It is well established that a contractual limitation in insurance policies requiring suit to be brought within a prescribed period of time is, in the absence of statutory provisions to the contrary, valid, if reasonable. Consequently, an action brought after the expiration of such time would be barred. The fact that the period thus fixed is shorter than the general statute does not invalidate the policy requirement. Riddlesbarger v. Hartford Insurance Co., 7 Wall. 386, 74 U.S. 386, 19 L.Ed. 257; Gifford v. Traveler's Protective Association of America, 9 Cir., 153 F.2d 209.

If this were the only question before us, since the contractual limitation is valid and reasonable and because suit was filed more than a year after the loss, defendants would be entitled to a summary judgment. However, plaintiff seeks to avoid the force of this contractual limitation by affidavits setting forth facts which are aimed at establishing a waiver of, or estoppel to plead, such limitation. Plaintiff bases his assertion of waiver on alleged assurances by defendants' agents and adjusters that his claim would be amicably settled without suit. Defendants, in their opposing affidavits, unqualifiedly deny the truth of plaintiff's assertions.

This Court is well aware that a substantial dispute as to a material fact forecloses a summary judgment and that the motion should be granted only when all the facts entitling the moving party to judgment are admitted or clearly established. But it is also cognizant that the purpose of the summary judgment rule is to promote the expeditious disposition of cases where no genuine issues of fact are raised. In the final analysis the granting or denying the motion in this case is dependent upon the question of credibility. In Whitaker v. Coleman, 5 Cir., 115 F.2d 305, 306, Judge Hutcheson states the following test to be applied in determining whether an issue of credibility exists on a motion for summary judgment:

> "To proceed to summary judgment it is not sufficient then that the judge may not credit testimony proffered on a tendered issue. It must appear that there is no substantial evidence on it, that is, either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force."

With all these considerations in mind, this Court is of the opinion that this is a proper case for summary judgment. It is my opinion that, under Judge Hutcheson's test, the evidence tendered by the plaintiff regarding the alleged estoppel or waiver is, in its nature, too incredible to be accepted by reasonable minds and that, on trial, such evidence would compel the direction of a verdict in favor of the defendants.

An order in conformance with an oral opinion given from the bench was heretofore signed.