**Guy B. ASHER, Plaintiff,**

v.

**RELIANCE INSURANCE COMPANY,
a corporation, Defendant.**

**Civ. No. 52294.**

United States District Court,
N. D. California.

Feb. 3, 1970.

Ernest M. Thayer, San Francisco, Cal., for plaintiff.

Thornton & Taylor, San Francisco, Cal., for defendant.

*Memorandum of Decision*

GERALD S. LEVIN, District Judge.

This action arises from a complaint for fraud, breach of contract and the declaration of a constructive trust, all of which pertain to a contract of insurance between plaintiff and defendant.

Plaintiff, a citizen of California, alleges that he negotiated with defendant to secure fire insurance for premises in Juneau, Alaska, owned and operated by plaintiff. Plaintiff accepted defendant's offer to insure the named premises against loss by fire up to the amount of $14,000.00 in return for payment by plaintiff of an annual premium of $78.-00.

On or about June 21, 1968, a fire occurred on the insured premises and has since resulted in a financial loss to plaintiff in an amount alleged to be in excess of $14,000.00. Plaintiff alleges that he thereafter submitted a claim to defendant for such loss, to which defendant delayed action but repeatedly promised to make payment to plaintiff toward such loss. Plaintiff further alleges that finally, and for the first time, on September 3, 1969, defendant refused to honor any portion of plaintiff's claim. On September 24, 1969, plaintiff filed this complaint.

Plaintiff contends that his complaint states the following causes of action: an action for fraud, in that defendant never intended to insure plaintiff in the amount of $14,000.00 and thus misled plaintiff into signing a contract of insurance therefor; an action for breach

of contract; and an action declaring defendant involuntary trustee of a constructive trust in plaintiff's favor consisting of the premium paid by plaintiff and the interest thereon.

Defendant now moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure and to strike certain portions of the complaint as redundant, sham, or irrelevant pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## DISCUSSION

■ It appears from the papers on file herein that the sufficiency of plaintiff's claim for relief is to be governed by the law of Alaska, that being the place where the contract of insurance was issued. National Life and Accident Insurance Co. v. Gorey, 249 F.2d 388, 392–393 (9th Cir. 1957). Cf. Christian v. Preferred Acc. Ins. Co., 89 F.Supp. 888, 890 (N.D. Cal. 1950). Because of a paucity of Alaska law on several of the issues under consideration here, the law of the forum, California, will be referred to whenever an issue is not otherwise determinable under Alaska law.[1]

### I. *Motion to Dismiss*

#### A. *First Cause of Action*

Defendant contends that plaintiff's first cause of action sounds in contract (for breach) rather than in tort (for fraud) as plaintiff claims, and that as a result plaintiff's prayer for punitive, consequential, and mental suffering damages is defective.

■ Even if plaintiff's first cause of action sounded solely in contract and not tort, nonetheless the court would be obliged to deny defendant's motion to dismiss with regard thereto. That certain elements or forms of relief might

be unavailable under a stated cause of action does not render that cause of action susceptible to a motion to dismiss. A complaint is not to be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U. S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); DeWitt v. Pail, 366 F.2d 682, 685 (9th Cir. 1966). Since even under a cause of action sounding solely in contract the plaintiff herein would be entitled to some relief—such as compensatory damages—defendant's motion to dismiss could be denied on this ground alone.

■ We think it manifest, however, that plaintiff's first cause of action, if his allegations are accepted as true, sounds in tort rather than contract. The tort alleged is fraud in the inducement of the insurance contract. Whether or not plaintiff can prove this allegation must await further proceedings and is not to be decided at this preliminary stage on a motion to dismiss.

Defendant relies on Reichert v. General Insurance Company of America, 68 Cal.2d 822, 69 Cal.Rptr. 321, 442 P.2d 377 (1968) as a factually similar case calling for the conclusion that the claim being pleaded here is essentially one for breach of contract. *Reichert* involved an action by an insured against several insurers for damage allegedly resulting from the insurers' failure to promptly indemnify the insured for losses suffered by reason of fire damage. Previously, the insured had purchased a motel already insured against loss by fire up to a stipulated amount under policies issued by the defendant insurers. A fire occurred at the motel thereafter, but the insurers would not indemnify the insured and so the insured came under substantial financial pressure from his creditors. The insured was finally

1. Defendant's counsel has expressed its inability to find a sufficient body of Alaska law on the matters under consideration and has therefore turned to the law of California which it deems, if anything, to be more liberal and thus in plaintiff's favor. Plaintiff's counsel has not demurred to this suggestion and it, too, has argued wholly on the basis of California law.

forced into involuntary bankruptcy and it was this "consequential" damage for which he sought recovery in his suit against the insurers.

The main issue decided by the court sitting *en banc in Reichert* was whether the insured had standing to maintain suit against the insurers for failure to promptly settle his claim or whether such action had passed instead to the trustee in bankruptcy. A divided court finally disposed of the matter [2] by holding that the action had passed to the trustee and could not be maintained by the insured.

Although the plaintiff in *Reichert* had alleged that the defendant insurers had "oppressively" and in "bad faith" failed to settle his claim, the court considered the claimed liability to be contractual in nature. The distinction between *Reichert* and the case before us is this: in *Reichert* the amended complaint before the court contained allegations referring only to the contracts of insurance and the breaches thereof; misrepresentation had been pleaded in earlier amended complaint, but had been deleted in the subsequent amended complaint before the court. In the case before us, misrepresentation in the procurement of the contract of insurance *has* been specifically pleaded. The court in *Reichert* did not hold that no action in fraud could be maintained on the facts presented there, but only that the plaintiff had not stated an action therefor.

The timing of the alleged wrongs also distinguishes *Reichert* from the case before us. In *Reichert*, the wrong was alleged to have occurred upon the defendant insurers' failure to settle plaintiff's claim after losses suffered because of the fire. In the present case, however, the first cause of action alleges the wrong to be fraud in the procurement of the contract of insurance itself rather than a failure of the defendant to settle under the contract.

**B. *Second Cause of Action***

■ Defendant argues that plaintiff's second cause of action, for breach of contract, is defective in that punitive, consequential, and mental suffering damages are prayed for, but that none of these are allowable in an action sounding solely in contract.

Again, the answer is that even were all these items of damage impermissible forms of recovery, the motion to dismiss would have to be denied because *some* form of relief, such as compensatory damages, would certainly be available to remedy a breach of contract.

■ Contracts of insurance are, of course, to be judged by the same legal principles as any other contract.[3] Ness v. National Indemnity Company of Nebraska, 247 F.Supp. 944, 947–948 (D. Alaska 1965). Alaska follows the generally accepted rule governing damages when a breach of contract, without more, is alleged: the injured party is to be put in as good a position as he would have been had the contract been fully performed. Anchorage Cen. D. Co. v. Van Wormer & Rodrigues, Inc., 443 P.2d 596, 599 (Alaska 1968); Green v. Koslosky, 384 P.2d 951, 952 (Alaska 1963). The measure of damages is that amount which will compensate the party aggrieved for all the detriment proximately caused by the defendant, or which, in the ordinary course of things, would be likely to result therefrom. Cal.Civ. Code, § 3300; Coughlin v. Blair, 41 Cal. 2d 587, 603, 262 P.2d 305 (1953).

■ Where a breach of contract only is involved, punitive damages are

---

2. This was the third in a series of cases involving the same parties and the same issues which were argued before the California Supreme Court. Both the earlier decisions, Cal.App., 53 Cal.Rptr. 693 (1966) and 59 Cal.Rptr. 724, 428 P.2d 860 (1967) were vacated by this third decision.

3. If anything, insurance companies are held to broader legal responsibility than are private contracting parties. Stark v. Pioneer Casualty Co., 139 Cal.App. 577, 580, 34 P.2d 731 (1934).

not recoverable,[4] Cal.Civ.Code, § 3294; Crogan v. Metz, 47 Cal.2d 398, 405, 303 P.2d 1029 (1956); Baumgarten v. Alliance Assur. Co., 159 F. 275, 277–278 (N.D. Cal. 1908); nor, generally, are damages for mental suffering, 11 Williston on Contracts § 1341, at 214 (3d ed. 1968).

■■■■■ The claimed consequential damage may be recoverable, however, if such damage were "proximately caused" by or "flowed naturally and expectedly" from the defendant's breach. Thus plaintiff's claimed loss of rents, if that kind of damage which was within the contemplation of the parties at the time the contract of insurance was entered into, could be recoverable in an action based solely on breach of contract. See Overstreet v. Merritt, 186 Cal. 494, 502, 505, 200 P. 11 (1921); Kline v. Guaranty Oil Co., 167 Cal. 476, 483, 140 P. 1 (1914); Mack v. Hugh W. Comstock Associates, 225 Cal.App.2d 583, 587, 37 Cal.Rptr. 466 (1964); 28 Cal.Jur.2d § 613, at 388. See also Theodore v. Zurich General Accident & Liabil. Ins. Co., 364 P.2d 51, 56 (Alaska 1961).[5]

### C. *Third Cause of Action*

Defendant contends that plaintiff's third cause of action, which seeks to impose a constructive trust on defendant in the amount of the insurance premium paid to it plus interest thereon, is defective because a constructive trust can-not be imposed in an action to recover for breach of contract.

■■■■■ Defendant cites no authority whatsoever for this contention nor do we find any to support defendant. A constructive trust is a creature of equity, imposed by the law on a party to prevent his benefiting by that which he has wrongfully obtained or detained. Thus the law decrees that one who acquires property of another by fraud holds that property as an involuntary trustee for the other. Cal.Civ.Code §§ 2223, 2224; 49 Cal.Jur.2d § 476, at 221–222, § 383, at 228. Cf. Thomson v. Wheeler Construction Company, 385 P.2d 111, 114 (Alaska 1963).

■■■■■ The plaintiff having alleged fraud in the defendant's collection of his premium, there is a sufficient basis on which a court could construct a trust in plaintiff's favor were plaintiff able to prove his allegations.

### D. *Policy Time Limitation*

■■■■■ Defendant also moves to dismiss the complaint in that it states an action for breach of contract only and is therefore time-barred because not "commenced within 12 months next after the fire", a limitation purportedly contained in the policy of insurance.[6]

No matter how viewed, defendant's contention here must fail. First, it is apparent from the foregoing discussion that the complaint does not sound in

---

4. There is an exception to this rule where the gravamen of the action is not breach of contract, but is rather the fraud inherent in the breach. Brockway v. Heilman, 250 Cal.App.2d 807, 812, 58 Cal.Rptr. 772 (1967). See also Chelini v. Nieri, 32 Cal.2d 480, 486–487, 196 P.2d 915 (1948); Wetherbee v. United Insurance Co. of America, 265 Cal.App.2d 921, 929, 71 Cal.Rptr. 764 (1968); 84 A.L.R. 1345, 1350, Anno.: Punitive Damages for Breach of Contract.

5. The language in Nester v. Western Union Telegraph Co., 25 F.Supp. 478, 480 (S.D.Cal.1938) is instructive here:
   There are exceptions to the rule [limiting damages for breach of contract to those within the contemplation of the parties at the time the contract was entered into]. When a special purpose sought to be achieved is known to the other party, recovery may be had for an unexpected loss. [Cases cited.] Again, one who breaches his contract in bad faith is liable for all damages traceable to the breach, including those which could not have been foreseen at the time the contract was made. [Cases cited.]

6. Because the insurance policy in question has been neither pleaded *in haec verba* nor attached and incorporated by reference by either party, the only evidence before the court of the policy time limitation against suit appears in the affidavit of counsel for defendant.

contract alone. Insofar as fraud is alleged, the time limitation contained in the policy would not affect plaintiff's right to recover under a theory of fraudulent misrepresentation. The relevant statute of limitations would be that governing fraud, and even that would normally be tolled until the plaintiff had discovered the fraud or, in the exercise of reasonable diligence, should have discovered it.

■ Second, the fact of defendant's procrastination alleged in the complaint is sufficient to raise a possible defense of estoppel against defendant's relying on the insurance policy's time limitation to deny recovery to the plaintiff here.

■ While it is true that Alaska law recognizes the validity of a contractual provision reasonably limiting the time within which suit may be brought, Sauer v. Law, Union & Rock Insurance Co., 15 Alaska 77, 79, 17 F.R.D. 430 (D. Alaska 1954), Alaska law also recognizes the accompanying salubrious principle of estoppel against inequitable reliance upon a statute or provision of limitations. Groseth v. Ness, 421 P.2d 624, 630 (Alaska 1966); Sauer, supra, at 80, 17 F.R.D. 430.[7]

■ The purpose of a policy time limitation on suit, like a conventional statute of limitations, is to promote justice by preventing surprise through the revival of slumbering claims which may be difficult of proof. Olds v. General Acc. Fire Etc. Corp., 67 Cal. App.2d 812, 817, 155 P.2d 676 (1945). Therefore, failures on technical grounds which bear no substantial relationship to an insurer's risk are disfavored. Cal. Comp. & Fire Co. v. Ind. Acc. Com., 62 Cal.2d 532, 535, 42 Cal.Rptr. 845, 399 P. 2d 381 (1965); Bollinger v. National

Fire Ins. Co., 25 Cal.2d 399, 405, 154 P. 2d 399 (1944); Olds, supra, at 818, 155 P.2d 676.

■ Where, as here, the plaintiff's delay in filing suit is induced by the defendant's conduct, the defendant cannot avail himself of the defense of a policy time limitation on suit. Morgan v. International Aviation Underwriters, Inc., 250 Cal.App.2d 176, 180–181, 58 Cal. Rptr. 164 (1967); Van Hook v. So. Cal. Waters Alliance, 158 Cal.App.2d 556, 568–569, 323 P.2d 212 (1958); 6 Williston on Contracts § 2016, at 5666 (Rev. ed. 1962).[8]

■ Nor is the plaintiff barred by laches, since he alleges that he did file his claim within a reasonable period (21 days) next after discovering that the defendant, despite repeated earlier assurances, did not intend to settle plaintiff's claim amicably. See Williams v. Marshall, 37 Cal.2d 445, 456, 235 P.2d 372 (1951).

## II. Motion to Strike

### A. Damages Prayed for under the First Cause of Action

■ Defendant moves to strike from the complaint plaintiff's allegations that he is entitled to the rental value of the insured premises, damages for mental suffering, punitive or exemplary damages, and other such sums in damages as may later be ascertained by plaintiff and included by amendment. Following the discussion above, it is clear that each of these is a permissible item of damages under plaintiff's cause of action alleging fraudulent misrepresentation.

■ Although the plaintiff has the burden of proof in showing every ele-

---

7. Although the court in Sauer upheld the contractual period of limitation against suit in question there against the plaintiff's claim of waiver or estoppel, it did so because of the weakness of the plaintiff's assertion, and not because such defense would be barred as a matter of law. In Sauer, unlike the present case, the defendant insurer unqualifiedly denied

that its agents or adjusters had represented to the plaintiff that his claim would be amicably settled without suit, the assertions upon which the plaintiff had based his claimed defense.

8. See also Saperston v. American & Foreign Ins. Co., 142 Misc. 730, 255 N.Y.S. 405, 407 (Sup.Ct.1932).

ment necessary to establish fraud, Larson v. Hugill, 15 Alaska 348, 356 (D. Alaska 1954), once he has done this he may recover damages if he shows the detriment suffered thereby. Harlow v. American Equitable Assur. Co., 87 Cal. App. 28, 31–32, 261 P. 499 (1927). See Cal.Civ.Code, §§ 1709, 3333.

 Consequential damage, including loss of rents, is recoverable by a party who acts in reliance on the other party's misrepresentations. See Wright v. Rogers, 172 Cal.App.2d 349, 365, 342 P.2d 447 (1959); 23 Cal.Jur.2d § 90, at 229.

■ Because the action sounds in tort, damages for mental suffering are recoverable, even though a contract is involved. Crisci v. Security Ins. Co., 66 Cal.2d 425 *passim*, 58 Cal.Rptr. 13, 426 P.2d 173 (1967).

■ Fraud is also an adequate ground for awarding punitive damages. Thompson v. Modern School of Business and Correspondence, 183 Cal. 112, 121, 190 P. 451 (1920); Horn v. Guaranty Chevrolet Motors, 270 Adv.Cal.App.2d 509, 516, 75 Cal.Rptr. 871 (1969); Oakes v. McCarthy Co., 267 Cal.App.2d 231, 263, 73 Cal.Rptr. 127 (1968). That the fraud complained of incidentally involves a contract does not make the recovery of exemplary damages improper. Southern Cal. Disinfecting Co. v. Lomkin, 183 Cal.App.2d 431, 451, 7 Cal.Rptr. 43 (1960). See also *Chelini, supra,* at 487, 196 P.2d 915.

B. *Second and Third Causes of Action as Redundant*

Defendant also moves to strike the second cause of action as redundant of the first cause and to strike the third cause of action as redundant of the other two causes. For the reasons stated above, each cause of action states a separate and good cause of action upon which relief could be granted, so defendant's motions to strike must be denied with respect thereto.

## CONCLUSION

For the reasons given above, it is the opinion of this court that,

(1) The complaint states good causes of action in all its particulars and is not time-barred, therefore defendant's motion to dismiss is denied;

(2) The complaint is sufficient in its allegations and prayer, therefore defendant's motion to strike is denied in all particulars,

And it is so ordered.